UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

          -v.-                                        ORDER

TINDARO CORSO,                         No. 17-CR-89-9 (CS)

               Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Tindaro Corso's motion for consideration, (Doc. 1174), of my previous denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 1014), and the Government's opposition thereto, (Doc. 1176).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated

version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

      Since my last ruling, cases of COVID-19 at FCI Fort Dix greatly increased and now, thankfully, have significantly decreased. Specifically, according to the Department of Justice Office of Inspector General COVID-19 Dashboard, inmate cases peaked at 797 on January 11 and 12, 2021, and are now down to 210. A total of 1457 inmates have recovered, and sadly, one has died. Defendant has unfortunately tested positive for the disease. Happily, however, according to his medical records, he complained of no symptoms and is regarded as recovered.[1] Now that he has contracted the disease and apparently weathered it, a sentence reduction based on the risk of contracting it no longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of

---

[1] The Government is directed to provide hard copies of the records to the Court for filing under seal.

district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Further, reinfections are "vanishingly rare." https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition=1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition=3.

    Defendant also points to his numerous health problems, but his records make clear that he is getting appropriate attention for them – including frequent consultations, several prescriptions, numerous tests and visits to outside hospitals – and is in no distress. He notes that he blacked out and an outside cardiologist told him it was likely because of his blood pressure medication. The doctor's note of that consultation says no such thing. The only mention of blood pressure is "Hypertension, controlled." (Doc. 1176 Ex. at 8), and the doctor recommended no change in medications except the addition of a baby aspirin "as myocardial infarction prophylaxis," (*id.*). There is simply no basis on which I could conclude that Defendant is getting the wrong blood pressure medicine.[2] He also states that he has an untreated broken foot, but the records reflect that he has had repeated x-rays and been provided with a foot brace and ankle brace. The record does not permit the conclusion that Defendant's medical treatment is substandard, let alone of such concern as to present extraordinary and compelling circumstances.

---

[2] In September Defendant was "hospitalized for a possible syncopal episode [and the] work up was negative." (Doc. 1176 Ex. A at 13.)

Nor is it out of the ordinary that Defendant's wife has medical issues and could use help caring for their grandchild.  Being unavailable to assist family members is one of "the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-CR-208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020).  Hardship on the family almost always results from serious criminal conduct, and while "it is truly unfortunate that [Defendant]'s incarceration has placed that burden on his wife . . . that does not constitute an extraordinary and compelling reason to shorten his otherwise justly deserved sentence." *Id.*; *see United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help.  It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

I continue to find that the factors to which Defendants points, considered singly or in combination, do not rise to the level of extraordinary and compelling reasons justifying release.  Accordingly, the motion is denied.  The Clerk of Court is respectfully directed to terminate Doc. 1174 and send a copy of this Order to Tindaro Corso, No. 39714-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated: February 9, 2021
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.